NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERTO JOSE SOTO, *Appellant*.

No. 1 CA-CR 23-0172
FILED 11-28-2023

---

Appeal from the Superior Court in Maricopa County
No.  CR2022-113606-001
The Honorable Margaret LaBianca, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

**F O S T E R**, Judge:

**¶1**          This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Roberto Soto found no arguable question of law and requests that this Court review the record for fundamental error. Soto was convicted of two counts of aggravated assault, a class three felony and one count of disorderly conduct, a class six felony, all three were classified as dangerous and repetitive offenses. Soto was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so. This Court has reviewed the record and found no reversible error. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Accordingly, Soto's convictions, resulting prison sentences and restitution are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**          In this appeal, the facts are viewed in the light most favorable to sustaining the judgment and this Court resolves all reasonable inferences against Soto. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3**          On April 15, 2022, Soto and a friend were walking at a train station towards three people. Heated words were exchanged between the friend and the victims (hereinafter, "V.B." and "V.A."). Soto then reached for a knife on his right hip and approached V.A. showing the knife in his hand. As Soto advanced, V.B. stood up in front of V.A., who was still seated. Soto, who was within three to four feet of V.A. and V.B., lunged at them a couple of times with the knife still in his hand. V.A. later stated that he thought he was never going to see his daughter again.

**¶4**          Security guards on the platform at the time waived down a nearby patrol car; the officer inside had also witnessed some of the events and quickly detained Soto. While detaining Soto, the officer located a knife in a sheath on the right side of Soto's waistband. Following the altercation, the officer spoke with V.A., V.B., and V.B.'s wife. Surveillance video from the light rail station showed a man wearing a yellow shirt pull a knife from

his waist and move towards three people. Soto was wearing a yellow shirt when detained. Officers arrested Soto and charged him with two counts of aggravated assault, class three dangerous and repetitive felonies, and one count of disorderly conduct, a class six dangerous and repetitive felony. Soto pled not guilty to the charges.

¶5     A jury trial started on January 11, 2023, and lasted three days. The parties agreed to the jury instructions. Soto's presence was waived when his counsel discussed procedural issues with the State and court. After evidence was presented, the jury returned a guilty verdict for the charged offenses. Before sentencing, the State filed motions outlining prior convictions and aggravating circumstances that would justify an increased sentence should Soto be convicted. The parties conducted a trial as to the aggravating circumstances, and the jury returned a guilty verdict as to eight aggravating factors.

¶6     At sentencing, the court found Soto's mental health issues to be a mitigating factor. For the first aggravated assault conviction, the court sentenced Soto to 12 years in the Department of Corrections, with credit for 358 days he had already spent in custody. On the second aggravated assault charge, Soto was also sentenced to 12 years. On the disorderly conduct charge, Soto was sentenced to 4.5 years. The trial court ordered the sentences to run concurrently.

¶7     This Court has jurisdiction over Soto's timely appeal pursuant to Article 6, § 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A).

## DISCUSSION

¶8     Soto's convictions and sentences are reviewed for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). After reviewing the record, the convictions and sentences are affirmed.

¶9     All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, the Arizona Rules of Evidence, and constitutional requirements. Soto was represented by counsel at all critical stages, and his presence was voluntarily waived during portions of the proceedings. *See* Ariz. R. Crim. P. 9.1; *State v. Fristoe*, 135 Ariz. 25, 34 (App. 1982) ("a defendant may waive his right to be present at any proceeding by voluntarily absenting himself from it"). The superior court permitted Soto to speak at sentencing, stated the factors it had considered and imposed a sentence within the statutory limits, with proper credit for time in custody.

This Court declines to order briefing and affirms Soto's convictions and sentences.

**¶10** Upon the filing of this decision, defense counsel shall inform Soto of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Soto shall have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶11** For the foregoing reasons, this Court affirms Soto's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA